IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                                          )<br>           Plaintiff,                      )<br>                                                          )<br>     vs.                                            )           Cr. No. 21-1501-JCH<br>                                                          )<br>**RUMALDO PESHLAKAI**,         )<br>                                                          )<br>           Defendant.                   ) | |

**UNITED STATES OF AMERICA'S SUPPLEMENTAL RESPONSE TO
DEFENDANT RUMALDO PESHLAKAI'S MOTION TO SUPPRESS EVIDENCE**

The United States supplements its response to Defendant's Motion to Suppress based on the testimony of Defendant at the hearing on the Motion. As additional support for denial of the Defendant's Motion to Suppress (Doc. 53), the United States submits the following:

I.   Defendant Peshlakai's detention did not invoke the Navajo Nation's detainer procedure.

At this Court's hearing on May 31, 2023, Defendant testified that he was "arrested" by a Navajo Nation officer when he came to the police station September 4, 2019. (*See e.g.,* Tr. at 49:15-22.). By his own testimony, Defendant was never actually booked into Navajo jail, *id.* at 51:2-10, nor is he facing any criminal charges from the Navajo Nation. *Id.* at 54:18-20. His argument is predicated on his own assertion that he was arrested by Navajo Nation law enforcement, triggering an obligation by federal law enforcement to follow the Navajo Nation's detainer procedure to take Defendant into federal custody. Doc. 53, citing 17 N.N.C. § 1963. However, other than his self-serving assertion, there is no evidence to support that Defendant was arrested by Navajo law enforcement pursuant to any Navajo law or that he is facing any charges in the Navajo Nation. Under the Navajo Nation Code, unless a criminal offense occurs

1

"in the presence of the arresting officer," 17 N.N.C. § 1804, Navajo police are prohibited from making arrests and must instead seek a warrant to apprehend issued by a judge of a Court of the Navajo Nation. 17 N.N.C. § 1803. Regardless of when or where or by whom Defendant was taken into the Navajo police station on September 4, 2019, he was not under arrest according to the Navajo Nation Code and therefore could not be subject to its detainer procedure. Moreover, the full weight of competent evidence before the Court is that the arresting agency in this case was the Federal Bureau of Investigation – not the Navajo Nation. Defendant's lay testimony about police procedure was not competent to support a legal finding about his legal status at the time. His testimony and he evidence instead supports that he had not been arrested: he testified that he was handcuffed, not booked into jail, led to a holding room, and then uncuffed when he provided his voluntary statement. (*See* Tr. 49:21-53:19; *see also* Doc. 56-2.) These events followed his own choice to voluntarily surrender to authorities at the Window Rock police station.

But even if the effort by Navajo Nation law enforcement to detain Defendant for questioning and eventual arrest by the FBI could have been considered an arrest by the Navajo Nation, Defendant's argument still fails. Defendant asserts that he was deprived of a detainer hearing and its procedure under the Navajo Nation Code when he was arrested by the FBI without that agency having followed the detainer procedure outlined in 17 N.N.C §§ 1962-1966. Doc. 53 at 5-6. The purpose of the detainer statute as described in the Navajo Nation Code and the Motion is not to supply additional rights to a defendant; rather it

> seeks to implement policy and procedures that will meet the common goals between the Navajo Nation and the federal government of maintaining public safety on the Navajo Nation, of observing the right to due process for persons charged with federal and Navajo crimes, of keeping violent offenders out of Navajo communities, and of protecting those responsible for enforcing criminal laws.

2

17 N.N.C § 1962. The statute recognizes the importance of due process for individuals "charged with federal *and* Navajo crimes" *id.*, (emphasis added), which is not the case of Defendant who is charged only with a federal crime, and otherwise highlights the importance of the common goals of public safety and protection of law enforcement. *See id.* Only when an individual is arrested under Navajo Nation law is the detainer procedure invoked at all. 17 N.N.C. § 1963 ("If a Navajo Nation law enforcement officer…makes an arrest, he or she shall arrest an Indian under Navajo Nation law…[.]") A defendant only has a right to a detainer hearing when he has been arrested under Navajo Nation law and a formal request for federal detainer has been made, which did not occur here; a defendant has no standing or basis to demand that the Navajo Nation require a federal detainer request before he could be arrested by federal authorities. 17 N.N.C. §§ 1964-1965.

    II.    <u>There is no basis to suppress Defendant's statements that he made after he voluntarily agreed to be interviewed and before he was arrested by the FBI.</u>

Finally, Defendant Peshlakai testified that he was questioned by Special Agent Imming while he was uncuffed and before he was federally arrested. (*See* Tr. 53:12-54:4.) He was not under arrest when he made the statements that he seeks to suppress; according to his testimony relaying his understanding of what had occurred, he had been arrested by Navajo officers, then uncuffed at the point where he voluntarily agreed to be interviewed by Special Agent Imming. (*See id.*). Prior to speaking to Agent Imming, Defendant was properly Mirandized and voluntarily participated in the interview. *See* Doc. 56-2. The federal arrest that he argues was unlawful followed his interview and there is no basis to suppress his voluntary interview statements.

## CONCLUSION

For the reasons described above, the Court should deny the defendant's motion to suppress in its entirety.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*/s/ electronically filed June 14, 2023*
ALEXANDER F. FLORES
KIMBERLY BELL
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

## CERTIFICATE OF SERVICE

      I hereby certify that on June 14, 2023, I filed the foregoing document electronically through the CM/ECF system. Pursuant to the CM/ECF Administrative Procedures Manual, §§ 1(a), 7(b)(2), such filing is the equivalent of service on parties of record.

      */s/*
KIMBERLY BELL
Assistant United States Attorney