IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                                                       No. 21-cr-01501-JCH

RUMALDO PESHLAKAI,

    Defendant.

### MEMORANDUM OPINION AND ORDER

Defendant Rumaldo Peshlakai moves to dismiss his felon-in-possession charge because he argues that 18 U.S.C. § 922(g)(1) violates his Second Amendment rights. *See Motion to Dismiss Indictment (Violation of Second Amendment)* (ECF No. 69). Tenth Circuit caselaw foreclosing this argument survives *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), so the Court will deny this motion.

**I.  Background**

The Court incorporates the factual background from its earlier *Memorandum Opinion and Order* (ECF No. 68). Relevant here, Mr. Peshlakai was convicted in 2001 of felony assault under 18 U.S.C. § 113(a)(4), (a)(6). *See* Compl. ¶ 4 (ECF No. 1).

**II.  Analysis**

18 U.S.C. § 922(g)(1) prohibits anyone "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" from "possess[ing] in or affecting commerce, any firearm or ammunition."

In *District of Columbia v. Heller*, the Supreme Court held that the Second Amendment confers an "individual right to possess and carry weapons in case of confrontation." 554 U.S. 570,

592 (2008). Relevant here, *Heller* cautioned in dicta, "[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." *Id.* at 627.

The Tenth Circuit has held that *Heller*'s dictum is binding and that § 922(g)(1) is constitutional. *See United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009); *accord United States v. Griffith*, 928 F.3d 855, 871 (10th Cir. 2019); *United States v. Molina*, 484 F. App'x 276, 285 (10th Cir. 2012); *see also United States v. Gieswein*, 887 F.3d 1054, 1064 n.6 (10th Cir. 2018) (noting that *McCane* foreclosed constitutional challenges to § 922(g)(1)); *In re United States*, 578 F.3d 1195, 1200 (10th Cir. 2009) (unpublished) (recognizing that Tenth Circuit has foreclosed as-applied challenges to § 922(g)(1)).

In *New York State Rifle & Pistol Ass'n v. Bruen*, the Supreme Court clarified the standard for applying the Second Amendment and reviewing firearm regulations. *See* 142 S. Ct. 2111, 2129 (2022). First, a court should ask whether "the Second Amendment's plain text covers an individual's conduct." *Id.* at 2129-30. If so, then "the Constitution presumptively protects that conduct," and "the government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2130. The reviewing court will then uphold the regulation only if the government meets its burden. *See id.*

After *Bruen*, the Tenth Circuit's district courts disagreed about whether the Circuit's earlier decisions upholding § 922(g)(1) remained good law. Mr. Peshlakai filed his motion in this context. But after Mr. Peshlakai filed his motion, the Tenth Circuit clarified that its earlier decisions survived *Bruen* and continue to bind its district courts. *See Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023). Thus, under *McCane*, Mr. Peshlakai's challenge to § 922(g)(1) fails. *See* 573 F.3d at 1047.

## III.     Conclusion

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Mr. Peshlakai's *Motion to Dismiss Indictment (Violation of Second Amendment)* (**ECF No. 69**) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE